IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEDRO GUERRERO,

Plaintiff,

v.

GARRETT J. RIPA, et al.,

Defendants.

CIVIL NO. 26-1427 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Before the Court is Petitioner Pedro Guerrero's ("Petitioner") "Writ of Habeas Corpus" under 28 U.S.C. § 2241, in which he alleges his detention by the U.S. Immigration and Customs Enforcement ("ICE") is unlawful and violates his due process rights. Petitioner seeks his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).  (Docket No. 1).  Respondents are Garrett J. Ripa, ICE Miami Feld Office Director; Todd Lyons, Acting Director for ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States (collectively, "Respondents").

For the reasons set forth below, the Petition is GRANTED.

**PROCEDURAL BACKGROUND**

Petitioner is a citizen and national of the Dominican Republic who entered the United States without being inspected or paroled around 2005 and has been living in Puerto Rico since that time.  He married a United States citizen, who filed a Petition for Alien relative with the United States Citizenship and Immigration Services which was

Pedro Guerrero v. Garrett J. Ripa, et al.
Opinion and Order
Civil 26-1427 (CVR)
Page 2
_____

approved on June 10, 2022. Petitioner also has an "Approved Waiver of Provisional Unlawful Presence." (Docket No. 1).

Petitioner was recently detained during a law enforcement operation. Petitioner has no criminal history, poses no danger to the community and does not present a flight risk. He has resided in the United States for many years, maintains stable family and community ties, has always complied with immigration authorities and is not dangerous. Notwithstanding these positive factors, Petitioner avers Respondents have illegally denied him an opportunity for a bond hearing, alleging that he is detained under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention without the right to such a hearing. Petitioner claims he is detained under 8 U.S.C. §1226(a) and his detention without a bond hearing violates his due process rights. (Id.).

In support of Petitioner's Writ of Habeas Corpus, he also requested a temporary restraining order ("TRO") to prohibit Respondents from transferring him outside of the District of Puerto Rico pending the resolution of the petition. (Docket No. 2). On July 2, 2026, the Court granted the TRO and ordered Respondents not to transfer Petitioner outside Puerto Rico during the pendency of this case. (Dockt No. 6). The Court also ordered Petitioner to serve process upon Respondents and certify compliance to the Court. Respondents were ordered to show cause why Petitioner's Writ of Habeas Corpus should not be granted. (Id.).

Respondents complied anchoring their defense on the premise that Petitioner is currently detained under 8 U.S.C. § 1225(b)(2)(A), therefore is not eligible for release or entitled to a bond hearing under 8 U.S.C. § 1226(a). Respondents rely on the holding of In re: Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). They contend mandatory detention

Pedro Guerrero v. Garrett J. Ripa, et al.
Opinion and Order
Civil 26-1427 (CVR)
Page 3
_____

is proper because Petitioner is an "applicant for admission" under  8 U.S.C. §1225(b)(2)(A), which applies to both arriving noncitizens and those who are already present in the United States without permission.  Respondents further allege the Court lacks subject matter jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(b)(9),  8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(e)(3), and that Petitioner has not exhausted available administrative remedies. (Docket No. 9).

Petitioner replied, arguing that abundant caselaw favors his position that a person who has entered the United States without inspection and was later arrested inside the United States is considered detained under section 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2)(A) as Respondents contend.  Thus, Petitioner proffers he is entitled to a bond hearing.  He also avers the Court has jurisdiction to entertain this case, and Respondents' reliance on Yajure Hurtado is misplaced because that holding is owed no deference after the Supreme Court's opinion in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). (Docket No 11).

## ANALYSIS

The issue before the Court is whether Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention throughout removal proceedings without a bond hearing, or under 8 U.S.C. § 1226(a) which allows for such a hearing.

Section 1225 specifies when certain noncitizens, namely "applicants for admission" are subject to mandatory detention, which is defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival)." 8 U.S.C. § 1225(a)(1); (b)(2)(A).  On the other hand, Section 1226(a) governs the detention of noncitizens, defined as persons "who are not a

Pedro Guerrero v. Garrett J. Ripa, et al.
Opinion and Order
Civil 26-1427 (CVR)
Page 4
_____

citizens or nationals of the United States." See 8 U.S.C. §§ 1101; 1226. This section provides that, on a warrant issued by the Attorney General, the noncitizen "may be arrested and detained pending a decision" on whether the person is to be removed from the United States. 8 U.S.C. § 1226(a). While the decision regarding removal is pending, the Attorney General may continue to detain the arrestee or release him on bond or conditional parole. Id. Under First Circuit precedent, a noncitizen detained under this statute is entitled to a bond hearing based on Fifth Amendment Due Process concerns, where the Government must establish by clear and convincing evidence that the noncitizen is dangerous or by a preponderance of evidence that he poses a risk of flight. Hernández-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

The Court agrees with Petitioner that his detention falls under Section 1226(a) and not Section 1225(b)(2)(A) as argued by Respondents. This conclusion is based on the facts of this case, namely that Petitioner entered the United States without being inspected or paroled around 2005 and has been living here since then, as well as numerous cases within the First Circuit that have held that Section 1225(b)(2)(A) applies to applicants seeking entry into the country and the Section 1226(a) applies to people like Petitioner who are already present in the United States and are later detained. See Tomas Elias v. Hyde, 2025 WL 3004437, at *2-3 (D.R.I. Oct. 27, 2025); Moreira Aguiar v. Moniz, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); Rodríguez v. Nessinger, 2025 WL 3306576, at *1 (D.R.I. Oct. 17, 2025); Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); Chogllo Chafla v. Scott, 804 F.Supp.3d 247, 259-260 (D. Me. 2025); Chiliquinga Yumbillo v. Stamper, 2025 WL 2783642, at*4 (D. Me. Sept. 30, 2025); Jiménez v. FCI Berlin, Warden, 799 F.Supp.3d 59, 66-67 (D.N.H. 2025); Batista Santiago

v. Hyde, 2026 WL 36472, at *2 (D. Mass. Jan. 6, 2026).  On this basis, the Court sees no need to reinvent the wheel as to this issue and declines Respondents' invitation to read these statutes differently.

Additionally, this District has been consistent in finding that Section 1226(a) applies to noncitizens detained while already residing in the United States and they are entitled to a bond hearing.  See Aguilar-Linares v. Lyons, Civil No. 26-1122 (GLS), 2026 WL 1031860, at *6 (D.P.R. Apr. 16, 2026); García v. Ripa, Civil No. 26-1039 (GMM), 2026 WL 184719, at *4 (D.P.R. Jan. 23, 2026); Cruz-Santana v. González-Ramos, Civil No. 26-1028 (GMM), 2026 WL 172520, at *3-5 (D.P.R. Jan. 22, 2026); Lora-Salazar v. Ripa, et al., Civil No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026) (Docket No. 5); Muños de la Rosa v. Ripa, Civil. No. 26-1094 (PAD) (D.P.R. Feb. 19, 2026) (Docket No. 5); González-Rucci v. González-Ramos, Civil No. 26-1045 (SCC) (D.P.R. Jan. 19, 2026) (Docket No. 12).

Respondents present no convincing argument as to why this Court should find in their favor and reject this District's numerous holdings that Section 1226(a) governs detentions for noncitizens arrested while residing in the United States.  Instead, they aver that Yajure Hurtado governs, where the Board of Immigration Appeals ("BIA") recently held that all noncitizens who enter the United States without admission fall under § 1225(b)(2)(A) and are not entitled to a bond hearing.  In so doing, the Yajure Hurtado decision made no distinction between noncitizens detained at a port of entry and those detained while already living in the United States, as had previously been the norm.

Under the Supreme Court's ruling in Loper Bright, however, this Court owes no deference to the BIA's statutory interpretation.  Loper Bright, 603 U.S. at 400-01 (holding that "agencies have no special competence in resolving statutory ambiguities. Courts

do."). Furthermore, as discussed above, this District Court, as well as district courts across the First Circuit, have rejected Yajure Hurtado's new reading and upheld the right to a bond hearing for noncitizens who were already present in the United States when they were detained. See Cruz-Santana, 2026 WL 172520, at *4 (collecting First Circuit cases rejecting Yajure Hurtado's interpretation and holding).

Finally, as to Respondents' argument the Court lacks subject matter jurisdiction over the claims under 8 U.S.C. § 1252(b)(9), 8 U.S.C. § 1252(g) and  8 U.S.C. § 1252(e)(3) and failure to exhaust administrative remedies, this District Court has rejected these same arguments before.  See Alvarez-Félix v. Ramos, Civil No. 26-1041 (RAM), 2026 WL 438160, at *4-5 (D.P.R. Feb. 17, 2026) (finding that this type of case falls outside the scope § 1252(b)(9), § 1252(g) and § 1252(e)(3) and that exhaustion would be futile).  This District Court's previous reasoning on those same issues applies here.

## CONCLUSION

For the foregoing reasons, Petitioner's Writ of Habeas Corpus is **GRANTED**. (Docket No. 1).  The Court declares that Petitioner Guerrero is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, the Court **ORDERS** Respondents grant to Petitioner a bond hearing before an immigration judge no later than **July 21, 2026 or be released**.  Respondents shall file an informative motion by **July 23, 2026** confirming whether Petitioner has either been granted a bond hearing in compliance with this Order or released from custody.

_____

The Court's Order at Docket No. 6 will remain in effect during the pendency of this case, and Respondents shall not transfer Petitioner outside this District pending the holding of the bond hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 15th day of July 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE